**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 28, 2007**

**FOR THE TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GREGORY LAMONT LONG,

Defendant-Appellant.

No. 06-6365
(D.C. No. CR-06-121-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Defendant Gregory Lamont Long pled guilty to possession with intent to distribute 202 grams of a mixture or substance containing a detectable amount of cocaine base, 213 grams of a mixture or substance containing a detectable amount of cocaine, and a quantity of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1).  By plea agreement,

---

[*]  This panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

he waived his right to "[a]ppeal or collaterally challenge his guilty plea and any other aspect of his conviction." Plea Agreement at 7. In addition, he waived his right to "[a]ppeal, collaterally challenge, or move to modify . . . , his sentence imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case." *Id.* He, however, did "not waive the right to appeal a sentence above the advisory guideline sentencing range determined by the Court to apply to this case." *Id.* After determining that the applicable guideline range was 188 to 235 months of imprisonment, the district court imposed a sentence of 200 months of imprisonment followed by five years of supervised release. Notwithstanding the plea waiver, Mr. Long filed a pro se notice of appeal.

The government has moved to enforce Mr. Long's plea waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Mr. Long's attorney filed a response stating that Mr. Long would "file his Petition in Error within the prescribed time frame," that the "Petition in Error will allege, among other things, that the sentence of time to serve of 200 months is outside the advisory guideline," and that until Mr. Long "files his Petition in Error and Brief in support [a] ruling granting appellee's Motion for Enforcement may be premature." Resp. to Mot. for Enforcement of the Plea Agreement at 2. For these reasons, counsel requested that this court deny the motion to enforce the plea

agreement. This court gave Mr. Long an opportunity to file a pro se response to the motion to enforce. To date, he has not done so.

We have reviewed the petition to enter a guilty plea, the plea agreement, the plea hearing transcript, the sentencing hearing transcript, the government's motion to enforce the plea agreement, and Mr. Long's counsel's response to the motion to enforce. We conclude that the following three factors have been satisfied: (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) Mr. Long "knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. Accordingly, we conclude that Mr. Long's waiver of his right to appeal is enforceable. Further, we note, contrary to his counsel's argument, Mr. Long received a sentence that fell within the advisory guideline range.

We therefore GRANT the government's motion to enforce the plea agreement and DISMISS the appeal. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM